| | |
|---|---|
| Shayne Stevenson (*pro hac vice*) | Julia B. Strickland (SBN 83013) |
| Breanna Van Engelen (*pro hac vice*) | *jstrickland@steptoe.com* |
| HAGENS BERMAN SOBOL SHAPIRO LLP | David W. Moon (SBN 197711) |
| 1301 Second Avenue, Suite 2000 | *dmoon@steptoe.com* |
| Seattle, Washington 98101 | Alina Edep (SBN 341169) |
| Telephone: (206) 623-7292 | *agatto@steptoe.com* |
| Facsimile: (206) 623-0594 | STEPTOE & JOHNSON LLP |
| shaynes@hbsslaw.com | 2029 Century Park East, 18th Floor |
| breannav@hbsslaw.com | Los Angeles, California 90067-3086 |
| | Telephone: (213) 439-9400 |
| Ben M. Harrington (SBN | Facsimile: (213) 439-9598 |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Email: *docketing@steptoe.com* |
| 715 Hearst Avenue, Suite 202 | |
| Berkeley, California 94710 | *Attorneys for Defendant American Express* |
| Telephone: (510) 725-3000 | *National Bank* |
| Facsimile: (510) 725-3001 | |
| benh@hbsslaw.com | |

Knoll D. Lowney, (*pro hac vice* forthcoming)
Claire Tonry (*pro hac vice*)
SMITH & LOWNEY, PLLC
2317 E. John Street
Seattle, Washington 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
knoll@smithandlowney.com
claire@smithandlowney.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANA THEODORE, | No. 3:23-cv-03710-AMO |
| Plaintiff, | **JOINT INITIAL CASE MANAGEMENT STATEMENT** |
| v. | |
| AMERICAN EXPRESS NATIONAL BANK, | |
| Defendant. | |

011165-11/2356585 V1

The Parties to the above-captioned action (the "Action") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2023, Civil Local Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure. Counsel for the Parties conferred by Zoom on October 12, 2023 for a Rule 26(f) conference.

**1. Jurisdiction** & **Service**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Subject matter jurisdiction arises under the Truth in Lending Act, as provided at 15 U.S.C. § 1640(e).

The Parties do not dispute that the Court has personal jurisdiction over the Defendant, nor dispute that venue is proper in this Court. Defendant has accepted service of the Class Action Complaint (the "Complaint").

**2. Facts**

*Plaintiff statement*:

This is a nationwide consumer class action case. Plaintiff alleges American Express violated the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*) by imposing unlawful interest charges on Plaintiff and the proposed class. Plaintiff brings claims individually and on behalf of all American Express consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card. Plaintiff also alleges violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) individually and on behalf of all American Express consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card while a resident of the State of California.

*Defendant statement*:

Defendant asserts that Plaintiff's claims are meritless but Plaintiff's dispute must be resolved through individual arbitration pursuant to the arbitration provision in Plaintiff's American Express Platinum Card Cardmember Agreement. Defendant filed a motion to compel arbitration and stay the action on September 22, 2023, which is set for hearing on February 29, 2024.

**3. Legal Issues**

A threshold legal question is whether Plaintiff's claims are subject to mandatory arbitration, as Defendant argues and Plaintiff denies. In addition to the legal question whether to certify the putative class, the core legal issue on the merits in this action asks whether Defendant violated the Truth in Lending Act, and California consumer protection law, by applying interest rate increases to cardmembers' protected balances and subsequent transactions without the required statutory notice and without qualification for any exception to the notice requirement, including the statutory exception for certain variable rate card programs.

**4. Motions**

**a. Pending motions**

On September 22, 2023, Defendant filed a motion to compel arbitration and stay the action. Dkt. 18. Plaintiff will file a response to that motion by November 21, 2023, and Defendant will file its reply on or before January 20, 2024. A hearing on the motion to compel arbitration and stay the action is scheduled for February 29, 2024.

**b. Prior motions**

There are no prior motions.

**c. Anticipated future motions**

Plaintiff anticipates filing a motion, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify the proposed class of American Express consumer credit cardmembers who carried a balance during the relevant period. Both Parties may file summary judgment motions and *Daubert* motions, as appropriate.

**5. Amendment of Pleadings**

The Complaint was filed on July 26, 2023. Dkt. 1. Plaintiffs reserve the right to move to amend the Complaint to conform to the evidence uncovered in the course of discovery upon a demonstration of good cause, under Fed. R. Civ. P. 15.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and agree to take reasonable and proportionate steps to preserve evidence relevant to the

issues reasonably evident in this action. The parties will discuss agreement on an ESI protocol at the appropriate time, if required, after a ruling on Defendant's motion to compel arbitration.

**7. Disclosures**

By agreement of the parties, initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure will not be exchanged prior to the Court's ruling on Defendant's motion to compel arbitration and stay the action.

**8. Discovery**

Defendant objects to all discovery and discovery-related activity prior to a ruling on its pending motion to compel arbitration and incorporates this objection throughout this Joint Initial Case Management Statement.

**a. Discovery Taken to Date**

To date, no discovery has been taken in this action.

**b. Scope of Discovery**

Plaintiff anticipates that discovery will address issues concerning liability, damages, class certification, and defenses.

**c. Proposed Limits or Modifications to Discovery Rules**

Plaintiff believes that this case will not warrant an increase from the presumptive limits on the number of depositions set forth in Fed. R. Civ. P. 30. But the parties agree to meet and confer regarding the appropriate number of depositions. If necessary, the Parties will seek the Court's assistance in resolving any dispute about modifications to the discovery rules.

**d. E-discovery**

The Parties intend on reaching agreement on a protocol governing the production of electronically stored information ("ESI") that will govern document production and discovery in this case, if required, after a ruling on Defendant's motion to compel arbitration. If necessary, the Parties will seek the Court's assistance in resolving any e-discovery disputes.

**e. Discovery Plan**

The Parties agree to a stay in discovery pending the outcome of Defendant's motion to compel arbitration and stay the action.

1    The Northern District of California's Guidelines for the Discovery of Electronically Stored Information, Guideline 2.02(d) instructs the Parties to adopt procedures "so that discovery occurs first from sources most likely to contain relevant and discoverable information and is postponed or avoided from [other] sources." Plaintiff proposes that if and when discovery commences in this action, that documents should be produced on a rolling basis, and that certain custodians and categories of documents should be prioritized for production. Privilege logs would then also be produced on a rolling basis.

**f. Discovery Disputes**

There are no discovery disputes at this time.

**g. Protective Order**

The Parties have agreed to adopt this District's model Stipulated Protective Order for Standard Litigation (copy attached as Exhibit A) in this action, if required, after a ruling on Defendant's motion to compel arbitration.

**9. Class Actions**

Plaintiff anticipates that she will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class consisting of all American Express consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card. All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

The Parties are not aware of any cases that concern substantially the same parties, transactions, happenings or events, or would entail substantial duplication of labor if heard by different judges.

**11. Relief**

Through this action, Plaintiff seeks (i) certification of the proposed Class and Subclass, including appointment of Plaintiffs' counsel as Class Counsel; (ii) actual damages, punitive and statutory damages, restitution, and injunctive relief prohibiting the defendant from engaging in the wrongful conduct alleged in the Complaint; (iii) reasonable attorneys' fees, costs, and pre-and-post-judgement interest; and (iv) such other or further relief as the Court may deem just and proper.

**12. Settlement and ADR**

The Parties have not engaged in settlement discussions. The Parties have met and conferred regarding ADR and agree that efforts to resolve this case are not appropriate at this time.

**13. Other References**

The Parties agree that the case is not suitable for reference to non-binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, pending a ruling on Defendant's motion to compel arbitration.

**14. Narrowing of Issues**

The Parties are unable to agree at this stage of the proceedings to narrow the issues before the Court, but agree to remain in contact about ways to potentially narrow issues.

**15. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

The Parties agree to a stay in discovery pending the Court's ruling on Defendant's motion to compel arbitration and stay the action. A hearing on that motion is set for February 29, 2024.

**17. Trial**

The Parties have requested a trial by jury. The Parties estimate that a trial may last between one and two weeks.

**18. Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed her Certificates of Interested Entities on October 19, 2023. ECF No. 32. Defendant filed its Certificate of Interested Entities on October 20, 2023. ECF No. 33.

**19. Professional Conduct**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED this 26th day of October, 2023.  Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Shayne C. Stevenson*
   Shayne Stevenson (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
shaynes@hbsslaw.com
breannav@hbsslaw.com

Ben M. Harrington
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

Knoll D. Lowney (*pro hac vice forthcoming*)
Claire Tonry (*pro hac vice*)
SMITH & LOWNEY, PLLC
2317 E. John Street
Seattle, Washington 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
knoll@smithandlowney.com
claire@smithandlowney.com

*Attorneys for Plaintiff*

STEPTOE & JOHNSON LLP

By *s/ David W. Moon*
   David W. Moon  (SBN 197711)
   dmoon@steptoe.com
Julia B. Strickland (SBN 83013)
jstrickland@steptoe.com
Alina Edep (SBN 341169)
agatto@steptoe.com
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400
Facsimile: (213) 439-9598

JT. CASE MGMT. STMT. - 6
Case No.: 3:23-CV-03710-AMO
011165-11/2356585 V1

1                                                   Email: docketing@steptoe.com

1 | **ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

2 | I hereby attest that concurrence in the filing of the foregoing document has been obtained from

3 | each of the other Signatories.

*/s/ Shayne C. Stevenson*
Shayne C. Stevenson