UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA THEODORE, | Case No. 23-cv-03710-AMO |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR INDICATIVE RULING AND TERMINATING AS MOOT ADMINISTRATIVE MOTION TO EXPEDITE** |
| AMERICAN EXPRESS NATIONAL BANK, | |
| Defendant. | Re: Dkt. Nos. 48, 49 |

Before the Court are American Express National Bank's ("AmEx") (1) motion to modify the Court's order of April 4, 2024 to stay (rather than dismiss) this case pending completion of arbitration, or alternatively, for an indicative ruling under Federal Rules of Civil Procedure 60(b)(6) and 62.1, ECF 48, and its (2) administrative motion to expedite the hearing on the motion, ECF 49.

The motion to modify the April 4 order is **DENIED**.  The filing of a notice of appeal, which occurred in this case on April 29, 2024, ECF 46, is an "event of jurisdictional significance" that "divests the district court of its control over those aspects of the case involved in the appeal." *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (internal quotations and citation omitted); *see also Trulis v. Barton*, 107 F.3d 685, 695 (9th Cir. 1995).  The Court's April 4 order granted AmEx's motion to compel arbitration and dismissed this action instead of staying it pending arbitration.  ECF 45 at 4.  "If a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).  Modifying the April 4 order as AmEx requests would thus give AmEx potential grounds to seek dismissal of the pending appeal.  Accordingly, notwithstanding the language in the April 4

1    order permitting either party to seek a stay (in lieu of dismissal) pending the then forthcoming

2    decision in *Smith*, *see* ECF 45 at 4, the Court lacks jurisdiction to modify its April 4 order because

3    the relief AmEx seeks bears directly on the pending appeal.  *See Daulatzai v. Maryland*, 340

4    F.R.D. 99, 106 (D. Md. 2021) (finding a lack of jurisdiction over the plaintiff's motion for leave to

5    file a third amended complaint while the appeal of the order granting the defendants' unopposed

6    motion to dismiss the second amended complaint was pending).

7           The Court will, however, **GRANT** AmEx's alternative request for an indicative ruling.[1]

8    "Rule 62.1(a) . . . applies when a 'timely motion' (typically a Rule 60(b) motion) has been made

9    for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal." *Lawson*

10   *v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018)

11   (internal quotations and citations omitted); *see also* Fed. R. Civ. P. Rule 62.1 advisory

12   committee's note ("This new rule adopts for any motion that the district court cannot grant

13   because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b)

14   motion to vacate a judgment that is pending on appeal.").  Rule 62.1(a) "allows a party to ask the

15   district court for an 'indicative ruling' on an issue the court is without jurisdiction to decide

16   because of a pending appeal." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (citations

17   omitted).  The rule provides that:

18                  If a timely motion is made for relief that the court lacks authority to
                    grant because of an appeal that has been docketed and is pending,
19                  the court may:
20                       (1) defer considering the motion;
                         (2) deny the motion; or
21                       (3) state either that it would grant the motion if the court of
                         appeals remands for that purpose or that the motion raises a
22                       substantial issue.

23   Fed. R. Civ. 62.1(a).  Pursuant to Rule 62.1, the Court indicates that it would grant AmEx's

24   motion to modify the April 4 order to stay (rather than dismiss) this action, in keeping with the

25   Supreme Court's recent decision in *Smith*.  *See Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329,

26

27   _____
     [1] In light of this ruling, the administrative motion to expedite the hearing on the motion resolved
28   by this order is **TERMINATED AS MOOT.**

United States District Court
Northern District of California

1   332 (W.D.N.Y. 2021) (indicating, under Rule 62.1, that the court would grant respondent's motion

2   for reconsideration due to an intervening change of controlling law if the Second Circuit remanded

3   for that purpose).

4       AmEx seeks modification of the Court's April 4 order under Rule 60(b)(6), the "catchall

5   provision permitting reopening for 'any other reason that justifies relief.' " *Ratha v. Rubicon Res.,*

6   *LLC*, No. 23-55299, --- F.4th ----, ----, 2024 WL 3589751, at \*7 (9th Cir. July 31, 2024).  This

7   provision "has been used sparingly as an equitable remedy to prevent manifest injustice and is to

8   be utilized only where extraordinary circumstances prevented a party from taking timely action to

9   prevent or correct an erroneous judgment."  *Id.* (citing *United States v. Washington*, 593 F.3d 790,

10  797 (9th Cir. 2010)).  A party relying on Rule 60(b)(6) must meet three elements: (1) "[t]he

11  motion cannot be premised on another ground delineated in the Rule[,]" (2) the motion "must be

12  filed within a reasonable time," and (3) the motion "must demonstrate 'extraordinary

13  circumstances' justifying reopening the judgment[.]"  *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir.

14  2020) (internal quotations and citations omitted).

15      Were the Ninth Circuit to remand for consideration of the issue, this Court would find that

16  AmEx meets each of these requirements.  First, AmEx's motion does not implicate any other

17  ground set out in Rule 60(b)(1)-(5), which include:

18      (1) mistake, inadvertence, surprise, or excusable neglect;
19      (2) newly discovered evidence that, with reasonable diligence, could
        not have been discovered in time to move for a new trial under Rule
        59(b);
20      (3) fraud (whether previously called intrinsic or extrinsic),
21      misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void; [or]
22      (5) the judgment has been satisfied, released, or discharged; it is
        based on an earlier judgment that has been reversed or vacated; or
23      applying it prospectively is no longer equitable[.]

24  Fed. R. Civ. P. 60(b)(1)-(5).  Thus, AmEx has properly brought its motion under subsection (b)(6).

25      Second, AmEx filed its motion on July 17, 2024, two months after the *Smith* decision

26  issued on May 16, 2024.  Its motion is therefore timely.  *See Bynoe*, 966 F.3d at 981 (finding

27  timely a Rule 60(b)(6) motion filed less than seven months after the decision providing the basis

28  for the motion).

United States District Court
Northern District of California

1   Third, extraordinary circumstances justify modifying the April 4 order in the manner

2   AmEx requests.  "A 'clear and authoritative' change in the law governing the judgment in a . . .

3   case may present extraordinary circumstances."  *Bynoe*, 966 F.3d at 983 (citations omitted).

4   "[T]he extraordinary-circumstances requirement [has been distilled] into six factors, [to be]

5   considered flexibly and in their totality."  *Id.*  The six factors are:

> (1) the nature of the legal change, including whether the change in
> law resolved an unsettled legal question; (2) whether the movant
> exercised diligence in pursuing reconsideration of his or her claim;
> (3) the parties' reliance interests in the finality of the judgment;
> (4) the delay between the finality of the judgment and the Rule
> 60(b)(6) motion; (5) the relationship between the change in law and
> the challenged judgment; and (6) whether there are concerns of
> comity that would be disturbed by reopening a case.

11  *Id.* at 983 (citations omitted).

12  Based on these factors, the Supreme Court's decision in *Smith* marks "[a] clear and

13  authoritative change in the law" presenting extraordinary circumstances justifying relief under

14  Rule 60(b)'s catchall provision.  At issue in *Smith* was whether Section 3 of the Federal

15  Arbitration Act "permits a court to dismiss the case instead of issuing a stay when the dispute is

16  subject to arbitration and a party requests a stay pending arbitration."  *Smith*, 601 U.S. at 474.  The

17  question had been "previously left open[,]" and the subject of a deepening "Circuit split."  *Id.* at

18  475 & n.1.  *Smith* eliminates an exception long-recognized by the Ninth Circuit that

19  notwithstanding Section 3, a court retains jurisdiction to dismiss (rather than stay) an action in

20  which are claims are compelled to arbitration.  *See id.* at 474, 478.  This Court recognized that

21  such outcome was possible in its April 4 order, and AmEx seeks to modify the order accordingly.

22  As such, the first factor – the nature of the legal change – and the fifth factor – the relationship

23  between the change in law and the challenged judgment – weigh in AmEx's favor.  *See Bynoe*,

24  966 F.3d at 983 (explaining that "the resolution of unsettled law . . . or a remarkable – if limited

25  development in relevant settled law may present extraordinary circumstances").

26  The second factor – whether the movant exercised diligence – and the fourth factor – the

27  delay between the challenged judgment and the Rule 60(b)(6) motion – also weigh in AmEx's

28  favor.  As discussed above, AmEx filed the instant motion within a reasonable time, i.e., two

United States District Court
Northern District of California

4

months after *Smith* was decided, which supports a finding of diligence and cuts against a finding of delay.  *See Bynoe*, 966 F.3d at 984 (explaining that "[t]he diligence analysis overlaps significantly with the timeliness requirement in Rule 60(b); a petitioner who has filed his motion within a 'reasonable time' under the Rule has diligently pursued his claim.") (citations omitted). The third factor – the parties' reliance interests in the finality of the judgment – also favors AmEx. The April 4 order contemplated that either party could move to modify for the limited purpose of seeking a stay in lieu of dismissal pending the outcome in *Smith*.  The final factor – comity – does not counsel against granting relief under Rule 60(b)(6).  While "considerations of comity for state laws and other judicial decisions may sometimes warrant abstention from overturning well-reasoned results," *see Bynoe*, 966 F.3d at 986-87, here, AmEx seeks to bring the April 4 order into compliance with recent Supreme Court precedent.

Considering these factors in their totality, the Court would find that AmEx is entitled to relief under Rule 60(b)(6).

**IT IS SO ORDERED.**

Dated: August 27, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**