UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA THEODORE,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>    Defendant. | Case No. 23-cv-03710-AMO<br><br>**AMENDED ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**<br><br>Re: Dkt. No. 18 |

Plaintiff Diana Theodore brings this putative class action, alleging that Defendant American Express National Bank violated the Truth in Lending Act and California's Unfair Competition Law by implementing unlawful interest rate increases. American Express now moves to compel Theodore to arbitrate her individual claims and dismiss or stay this action pending arbitration. Theodore opposes the motion. The sole disputed issue before the Court is whether Theodore agreed to arbitrate her claims.[1] ECF 41 at 10 n.14. She did.

//

//

//

//

---

[1] Claiming that the arbitration provision is not binding on her, Theodore asserts that she thus "need not dispute most of [American Express's] substantive arguments, e.g., that an actual mutually binding arbitration agreement would be generally enforceable . . . , that [her] claims . . . would fall under the scope of such a mutual agreement . . . , or that such an agreement if properly drafted could preclude class action litigation." ECF 41 at 10 n.14. By leaving those issues unaddressed, Theodore has conceded them. *See Genomics v. Song*, No. 21-CV-04507-JST, 2023 WL 8852735, at *6 (N.D. Cal. Dec. 21, 2023) ("[Defendant] does not address this point and therefore concedes it by his silence").

1    The 2018 agreement governing Theodore's American Express card contains a section titled
2 "Claims Resolution."[2]  ECF 18-1 at 11-12.  That section provides, in part:

> You or we may elect to resolve any claim by individual arbitration.
> Claims are decided by a neutral arbitrator.
> **If arbitration is chosen by any party, neither you nor we will
> have the right to litigate that claim in court or have a jury trial
> on that claim.  Further, you and we will not have the right to
> participate in a representative capacity or as a member of any
> class pertaining to any claim subject to arbitration.  Arbitration
> procedures are generally simpler than the rules that apply in
> court, and discovery is more limited.  The arbitrator's decisions
> are as enforceable as any court order and are subject to very
> limited review by a court.  Except as set forth below, the
> arbitrator's decision will be final and binding.  Other rights you
> or we would have in court may also not be available in
> arbitration.**

*Id.* (emphasis in original).  Immediately after the Claims Resolution provision is a heading that reads "Claims Resolution for Covered Borrowers." *Id.* at 12.  The text under that heading reads, in part:

> You may elect, but are not required, to resolve any claim by
> individual arbitration.  We may also request to resolve any claim by
> individual arbitration, but you are not required to accept our request.
> Claims are decided by a neutral arbitrator.
> **If you elect or agree to resolve a claim through arbitration, your
> or our right to litigate that claim in court or have a jury trial on
> that claim may be limited.  Further, you and we may not have
> the right to participate in a representative capacity or as a
> member of any class pertaining to any claim subject to
> arbitration.  Arbitration procedures are generally simpler than
> the rules that apply in court, and discovery is more limited.  The
> arbitrator's decisions are as enforceable as any court order and
> are subject to very limited review by a court.  Except as set forth
> below, the arbitrator's decision will be final and binding. Other
> rights you or we would have in court may also not be available
> in arbitration.**

ECF 18-1 at 12-13 (emphasis in original).

    Theodore attempts to evade the first Claims Resolution provision by relying only the Claims Resolution for Covered Borrowers provision, claiming that the latter gives her the option to choose whether to proceed with arbitration and ignoring that the former limits her dispute

---

[2] The agreement contains a Utah choice-of-law provision, and both parties agree that Utah law governs here.  *See* ECF 18-1 at 11; ECF 41 at 11; ECF 42 at 8.

resolution mechanism to arbitration.[3]  ECF 41 at 13.

The Court declines to adopt Theodore's self-serving interpretation of these provisions. Instead, this Court must read the agreement to give effect to each and every provision. *See WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1144 (Utah 2002) ("In interpreting a contract, [courts] . . . look to the writing itself to ascertain the parties' intentions, and . . . consider each contract provision . . . in relation to all of the others, with a view toward giving effect to all and ignoring none.") (internal quotations omitted).  Adopting Theodore's reading of the contract runs afoul of this settled principle of contract interpretation.  It requires the Court to read-out the provision that compels Theodore to arbitrate her claims while giving expanded effect to the provision on which Theodore relies, though it does not apply to her under any reasonable reading of the rest of the agreement.  The Court declines to re-write the contract in the manner Theodore suggests.

Instead, the Court, as it must, reads the two Claims Resolution provisions harmoniously with the rest of the contract.  Though Theodore is correct that American Express does not define the term "covered borrower," the section titled "Military Lending Act," which is nested under "Other important information," reads:

> Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit.  In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent.  This rate must include, as applicable to the credit transaction or account: the costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee (other than certain participation fees for a credit card account).
>
> To listen to this statement, as well as a description of your payment obligation for this Account, call us at **855-531-0379**.
>
> If you are a covered borrower, the Claims Resolution section of this Agreement will not apply to you in connection with this Account.

---

[3] The Court notes that American Express amended these provisions in 2019 and 2020.  ECF 18-1 at 26-27, 38, 39, 42, 43.  The amendments are not material to the threshold issue of which Claims Resolution provision applies to Theodore.  Accordingly, the Court does not lay out the details of those amendments in this order.

3

Instead, the *Claims Resolution for Covered Borrowers* section will apply.

ECF 18-1 at 9 (emphasis in original).  This provision dispenses with any argument that Theodore's proffered reading of the contract is reasonable.  It makes clear that the term "covered borrower" refers to members of the Armed Forces and their dependents and expressly notes the distinction between the Claims Resolution provision, which does not apply to them, and the Claims Resolution for Covered Borrowers provision, which does.  The Military Lending Act provision explains how the two Claims Resolution provisions are harmonious.  Reading the 2018 agreement guided by that explanation, rather than Theodore's conveniently crafted alternative, controls.

Accordingly, the motion to compel arbitration is **GRANTED**.  The Court **STAYS** this action pending arbitration.

**IT IS SO ORDERED.**

Dated: September 10, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**