UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA THEODORE,<br><br>   Plaintiff,<br><br> v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>   Defendant. | Case No. 23-cv-03710-AMO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 61 |

  Plaintiff Diana Theodore brings this putative class action against Defendant American Express National Bank alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

  On April 4, 2024, the Court granted Defendant's motion to compel arbitration and dismissed the case without prejudice. *See* ECF 45.[1] Plaintiff subsequently appealed the dismissal to the Ninth Circuit. ECF 46. While the case was pending before the court of appeals, the Supreme Court issued a decision in *Smith v. Spizzirri*, holding "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." 601 U.S. 472, 478 (2024). In light of *Smith*, the Ninth Circuit remanded the case for the limited purpose of permitting the Court to issue an indicative ruling under Federal Rule of Civil Procedure 60. ECF 57. The Court then indicated it would stay the action pending arbitration rather than dismiss without prejudice based on *Smith*. *See* ECF Nos. 55, 58. Thereafter, the appeal was voluntarily dismissed at the Ninth Circuit, and the Court issued an amended order staying the case. ECF Nos. 59, 60.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Now pending before the Court is Plaintiff's motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF 61. After considering the parties' submissions, and determining the matter was suitable for resolution without oral argument per Civil Local Rule 7-1(b), the Court now **DENIES** Plaintiff's motion.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a court may certify an appeal of an interlocutory order when it: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and as such requires "exceptional circumstances." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "As to the timing of certification, the district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order." *Id*. at 1131 (citation omitted). Plaintiff's motion entails proceeding by the latter approach.

## DISCUSSION

On September 10, 2024, the Court issued an amended order granting Defendant's motion to compel arbitration and staying the case. ECF 59. The lone issue before the Court was whether Plaintiff Theodore agreed to arbitrate her claims. *Id*. at 1. In resolving that issue, the Court analyzed the text of the 2018 cardholder agreement under Utah law. *Id*. at 2. Though two Claims Resolution provisions were present in the agreement, the clear text confirmed the "Claims Resolution for Covered Borrowers" provision applied only to members of the Armed Forces and their dependents. *Id*. at 4. Therefore, the remaining "Claims Resolution" provision applied to Plaintiff. *Id*. A sensible reading of the agreement, giving effect to all provisions, required the Court to hold Plaintiff's claims were subject to arbitration.

Plaintiff now argues for interlocutory appeal of the September 10 Order because it satisfies all three prongs of Section 1292(b); namely, it presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These three statutory requirements are conjunctive, meaning absence of any one precludes interlocutory appeal. So, the Court addresses only whether the September 10 Order presents "substantial ground for difference of opinion," as the matter may be disposed of on that question alone.

## I.   SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). That said, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). However, the mere fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. Indeed "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id*. (citation omitted). Here, the Court concludes there is no substantial ground for differing interpretations of the 2018 cardholder agreement.

Plaintiff first argues "jurists might disagree as to which principle of Utah contract law should direct the outcome" of the September 10 Order. ECF 65 at 8. The Order cited a principle of contract interpretation which requires the Court to give effect to all provisions of a contract. ECF 59 at 3 (citing *WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1144 (Utah 2002)). Plaintiff asserts, instead, the governing principle ought to be that ambiguity in the contract is construed against the drafter. ECF 61 at 10 (citing *Utah Farm Bureau Ins. Co. v. Crook*, 980 P.2d 685, 686-87 (Utah 1999)). But Plaintiff invents a conflict that does not exist in the September 10 Order. The Court did not choose one principle over the other; rather, there was no need to interpret ambiguity against the drafter because there was no ambiguity. "[U]nder any reasonable reading" of the agreement as a whole, Plaintiff's interpretation did not make sense. ECF 59 at 3.

3

Therefore, the Court rejected that interpretation and read the agreement so that all provisions operated in harmony.

The cases upon which Plaintiff relies are distinguishable. In *Dougan v. Children's Place, Inc.*, the court granted a motion for interlocutory appeal regarding "whether an email can be found to provide constructive notice when that email has not been admitted into evidence or proffered." No. C20-0818JLR, 2021 WL 764263, at *4 (W.D. Wash. Feb. 26, 2021). The court determined there was substantial ground for difference of opinion based on district court and appellate decisions taking a contrary position. *Id*. Unlike *Dougan*, Plaintiff here does not cite to contrary decisions. The Utah cases Plaintiff supplied merely restate the proposition that ambiguous contractual provisions should be interpreted against the drafter. *See, e.g.*, *Ellsworth v. Am. Arb. Ass'n*, 148 P.3d 983, 988 (Utah 2006) ("Any ambiguity in a contract is to be construed against the drafter . . . ."). But the September 10 Order did not reject that principle; the Court simply had no occasion to consider it. Plaintiff's motion presupposes the Court recognized the 2018 cardholder agreement was ambiguous, and then chose to apply a different principle of contract interpretation. Such reasoning does not appear in the Order. Indeed, the Court did not need to address any ambiguity in the agreement because a sensible reading of the text made clear that Plaintiff was subject to the "Claims Resolution" provision, not the "Claims Resolution for Covered Borrowers" provision.

Turning to *Youssofi v. Credit One Fin*., there, the plaintiff sought interlocutory appeal of the court's order holding "the four-factor test that typically applies to constitutional waivers did not apply" to the plaintiff's arguments regarding the Federal Arbitration Act ("FAA"). No. 15-CV-1764-AJB-RBB, 2016 WL 6395086, at *1 (S.D. Cal. Oct. 28, 2016). In granting the motion, the court highlighted the conflict "between the liberal federal policy favoring arbitration on one hand and the strong presumption against waiver of constitutional rights on the other . . . ." *Id*. at *4. This conflict—and the absence of controlling precedent directly on point—persuaded the court that reasonable jurists could differ on the issue. *Id*. Neither scenario is present here. For the same reasons stated in the Court's analysis of *Dougan*, *Youssofi* is similarly unpersuasive. At base, Plaintiff disputes the Court's application of settled contract law. That is not a basis for

4

interlocutory appeal.  *See Couch*, 611 F.3d at 633.

Plaintiff's second argument is that there is substantial ground for difference of opinion as to whether the parties had a "meeting of the minds" sufficient to form a contract.  (Dkt. No. 61 at 10.)  She asserts the two Claims Resolution provisions conflict, and therefore, the parties did not establish a valid agreement to arbitrate.  *Id*.  The Court disagrees.  Plaintiff advanced this same argument in opposing the motion to compel arbitration.  ECF 41 at 13-15.  It was not persuasive then, and it is not now.  As the Court noted in the September 10 Order, the cardholder agreement makes clear that the "Claims Resolution" provision applies to Plaintiff, not the "Claims Resolution for Covered Borrowers" provision.  ECF 59 at 3-4.  Indeed, by the plain text, the term "covered borrower" refers to borrowers subject to the Military Lending Act.  *Id*.  Though Plaintiff cites authority that holds conflicting contractual provisions preclude a meeting of the minds, such cases are irrelevant here.  *See, e.g.*, ECF 61 at 11 (citing *Mitchell v. Wells Fargo Bank*, 280 F. Supp. 3d 1261, 1286 (D. Utah 2017)).  Those cases do not indicate substantial ground for difference of opinion on the September 10 Order, since the Order did not find the 2018 cardholder agreement contained conflicting arbitration provisions.  Rather, it contained two Claims Resolution provisions clearly applicable to different kinds of cardholders.  Plaintiff may strenuously disagree with the Court's interpretation, but that is not the standard under 28 U.S.C. § 1292(b).  *See Couch*, 611 F.3d at 633 ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'").

Finally, the September 10 Order does not present the kind of "exceptional circumstances" Section 1292(b) was meant to cover.  The procedural history of this case illustrates why.  Initially, the Court granted Defendant's motion to compel arbitration and dismissed the case without prejudice.  ECF 45.  This method had advantages over staying the case because it would permit immediate appeal and resolution of the arbitrability question prior to commencement of the arbitration itself.  But the Supreme Court rejected this approach in *Smith v. Spizzirri*, 601 U.S. 472 (2024).  There, the Court emphasized "Congress's purpose in the FAA [was] 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  *Id*. at 478.  To that end, Congress provided that an order denying a motion to compel arbitration may be

5

immediately appealed, but an order granting such motion may not. *Id*. Of course, 28 U.S.C. § 1292(b) remains available to appeal certain orders, but to grant such a motion for interlocutory appeal here would effect an end run around the Supreme Court's holding in *Smith*. Section 1292(b) is not meant to paper over Congress's purpose in shuttling the parties smoothly to arbitration. Nor is it intended to effectuate the same procedural advantages previously available by dismissing the case without prejudice following the grant of a motion to compel arbitration. Permitting an interlocutory appeal over a straightforward question of contract interpretation would therefore run counter to the FAA's purpose and Supreme Court precedent. Section 1292(b) remains only for "exceptional circumstances."

Accordingly, the Court determines there is no substantial ground for difference of opinion as to the September 10 Order.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's motion for certificate of appealability.

This Order disposes of Docket No. 61.

**IT IS SO ORDERED.**

Dated: May 5, 2025

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**